**LEE LITIGATION GROUP, PLLC**
148 WEST 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:   212-465-1188
                   cklee@leelitigation.com

**MEMO ENDORSED**

July 19, 2023

**Via ECF**
The Honorable Edgardo Ramos, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> Defendants are directed to respond by July 24, 2023. SO ORDERED.
>
> _/s/ Edgardo Ramos_
> Edgardo Ramos, U.S.D.J.
> Dated: July 19, 2023
> New York, New York

Re:   *Neor et al v. Acacia Network, Inc. et al*
      Case No.: 22-cv-04814

Dear Judge Ramos:

This office represents Plaintiffs in the above-referenced matter. This letter is respectfully submitted pursuant to Rule 2(A) of Your Honor's Individual Practice Rules, to request a pre-motion conference to compel Defendants to comply with their discovery obligations.

To date, among other deficiencies, Defendants have failed to produce class-wide responses and documents to Plaintiffs' first request for discovery, served on May 15, 2023. On June 29, 2023, Plaintiffs served a deficiency letter on Defendants detailing the deficiencies in their responses and document production (*see* **Exhibit 1**), and on June 30, 2023, counsel for the Defendants, Simi Bhutani, Esq., and counsel for Plaintiffs, C.K. Lee, Esq., and Francis Lee, Esq., met and conferred by phone for approximately 15 minutes to discuss Defendants' deficient production. The parties, however, were unsuccessful in resolving the discovery dispute.

As detailed in Plaintiffs' deficiency letter, there were many deficiencies in Defendants' production and responses. On the meet and confer, the Parties agreed that Defendants would supplement their responses to include class information by July 10, 2023. To date, Defendants have not supplemented their discovery production and responses as agreed upon. Defendants:

(i)   have not produced information on the class size and contact information for employees for the 3 named Corporate Defendants;

(ii)  have not produced class-wide documents for employees as requested in Plaintiffs' First Request for the Production of Documents;

(iii) have not provided Defendants' initial disclosures;  and

(iv) have not provided deposition dates for: (1) 30(b)(6) representative for Acacia Network, Inc.; (2) 30(b)(6) representative for Acacia Network Housing Inc.; (3) 30(b)(6) representative for Promesa Residential Health Care Facility, Inc., (4) Supervisor Anette Dubois; and (5) any other supervisors, managers, or people associated or that have knowledge of the case.

**I.**     *Production of Class Discovery is in Accordance with Case Law*

Courts in the Second Circuit have repeatedly held that plaintiffs are entitled to pre-certification discovery of documents regarding potential class members. *See Benavides v. Serenity Spa NY Inc*., 166 F. Supp. 3d 474, 492 (S.D.N.Y. May 19, 2016) ("[P]roduction of wage-and-hour documents, tip records . . . [for all non-exempt employees in the six years prior to the complaint] would likely support findings of commonality, typicality, numerosity, that the class is identifiable and ascertainable, and that common questions predominate over any individual issues as required by Rule 23."). In *Salazar v. Spectrum of Creations, Inc.*, No. 16 Civ. 653, Dkt. No. 52 (VSB) (S.D.N.Y. Sept. 9, 2016), the court held:

> "Whatever the merits of their claim, Plaintiffs have repeatedly stated throughout this action that they intend to seek Rule 23 class certification, and the Second Circuit has noted both that '[i]n deciding a motion for class certification under Rule 23, the district judge must receive enough evidence . . . that each Rule 23 requirement has been met."

*See also Rahman v. Smith & Wollensky Rest. Grp., Inc*., 2007 U.S. Dist. LEXIS 37642, at *9 (S.D.N.Y. 2007) ("Pre-certification discovery is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate."); *Sirota v. Solitron Devices, Inc*., 673 F.2d 566, 571 (2d Cir. 1982) ("[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied."); *Calabrese v. CSC Holdings, Inc*., No. 2007 U.S. Dist. LEXIS 16059, at *20 (E.D.N.Y. 2007) (noting that before deciding whether to certify class, "district court is required to be sure that enough pre-certification discovery is provided so that it is satisfied that each Rule 23 requirement has been met").

Pursuant to the needs of this case, where evidence indicating violations may be found on the face of employees' pay records, Plaintiff is entitled to class-wide discovery.

**II.**     *Production of Class Contact Information is in Accordance with Case Law:*

Plaintiff has also requested contact information, i.e., name address, email, mobile number of all prospective class members. This is appropriate because each of these individuals are prospective witnesses. As seen by the below case law, the production of such information has been deemed to be proper in many cases in this circuit.

"[T]here is an abundance of case law from the Southern District of New York, over the last nine years, which has 'routinely allow[ed] plaintiffs to discover identifying information regarding potential class members . . . .'" *Strauch v. Comput. Scis. Corp*., No. 3:14 Civ. 956, 2015 U.S. Dist. LEXIS 516, at *10 (D. Conn. Jan. 6, 2015) (collecting cases). In *Fei v. WestLB AG*, the court

granted the plaintiff's motion to compel with respect to the names, positions, job titles, dates of employment, social security numbers, addresses, and telephone numbers of employees, holding:

> "[C]onditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members . . . ." (collecting cases). "Indeed, the information that [plaintiff] seeks obviously will be of considerable help to [plaintiff] in his efforts to define the class . . . ." 2008 U.S. Dist. LEXIS 33310, at *5-6 (S.D.N.Y. Apr. 23, 2008).

"[E]ven where a plaintiff's motion to certify an FLSA collective action fails to assert facts sufficient to meet the § 216(b) threshold, courts in this district have often ordered the disclosure of contact information for potential opt-in plaintiffs so that discovery into the collective allegations could continue and plaintiffs could renew their motion for certification at a later date." *Kwan v. Sahara Dreams Co. II*, 2020 U.S. Dist. LEXIS 79899, *20-21 (S.D.N.Y. 2020).

Given the foregoing, we request the Court's intervention in compelling Defendants to comply with their discovery obligations and provide comprehensive class-wide responses and production to Plaintiffs' first request for discovery. We thank the Court for its consideration.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

cc: all parties via ECF