

**MEMO ENDORSED**

Simi Bhutani<br>
77 Water Street, Suite 2100<br>
New York, New York 10005<br>
Simi.Bhutani@lewisbrisbois.com<br>
Direct: 646.783.1708

July 24, 2023

> The parties are directed to contact the Court if the discovery issues are not resolved following Defendants' proposed meet and confer. SO ORDERED.
>
> *Edgardo Ramos, U.S.D.J.*
> Dated: July 25, 2023
> New York, New York

**VIA ECF**
Hon. Edgardo Ramos, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: Neor, et ano. v. Acacia Network, Inc., et. al.
     **No. 22-cv-04814 (ER)**

Dear Judge Ramos:

  On behalf of Defendants Acacia Network, Inc. ("Acacia"), Acacia Network Housing, Inc. ("ANHI"), and Promesa Residential Health Facility, Inc. ("Promesa"), this letter responds to Plaintiff's July 18, 2023 letter regarding discovery (Dkt. No. 40). The Court should deny Plaintiff's premature request for a pre-motion discovery conference.

  On June 14, 2023, Defendants provided responses to Plaintiff's documents requests and interrogatories and produced several hundred responsive documents. On June 29, Plaintiff served a discovery deficiency letter, and counsel met and conferred the following day by telephone. During that call, we advised counsel that the definition of "Covered Employee" in Plaintiff's document requests and described in the operative Complaint (Dkt. No. 31) was overly broad as it encompassed employees who were not employed by the two entities that employed the two Plaintiffs (ANHI employed Plaintiff Neor, and Promesa, Inc. employed Plaintiff Wallace), held different job titles and positions than Plaintiffs, and worked at different worksites than Plaintiffs. We advised that we would confer with our client about producing documents for putative collective members pursuant to a more narrowly tailored definition and we agreed to provide a response by July 10, as Plaintiff requested. We thereafter advised Plaintiff's counsel that we would need additional time to respond as we continued to confer with our client. Counsel did not respond to that communication, and instead, filed this letter with the Court seeking judicial intervention.

  We have since discussed the issues with our client and welcome the opportunity to meet and confer with Plaintiff further about the scope of discovery for the potential collective. We would propose producing time and pay records for similarly situated employees only; i.e., employees who held the same positions as these Plaintiffs. That would be licensed social workers who were employed

Hon. Edgardo Ramos, U.S.D.J.
July 24, 2023
Page 2

by Promesa, Inc. and Housing Specialists who were employed by ANHI, and who worked at the same locations as Plaintiffs during the applicable FLSA statute of limitations period. Defendants are not prepared to engage in the herculean task of searching for and identifying all of their hourly employees who were employed across the three organizations for a lengthy period and then producing records for those employees given that the collective should be defined more narrowly. There is no basis in the pleadings or otherwise to credit any claim that an appropriate collective herein would include persons who were not similarly situated to these Plaintiffs in terms of job duties, supervisors and locations.

Further, although we appreciate Plaintiffs' eagerness to push towards depositions, scheduling depositions is premature at this juncture as paper discovery remains incomplete, Defendants' partial motion to dismiss is still pending, and the parties have not agreed upon the appropriate parameters for class discovery which would of course affect Defendants' ability to identify appropriate deposition witnesses. Under the schedule set by the Court in the Civil Case Discovery Plan and Scheduling Order, dated April 20, 2023 (Dkt. No. 34), ample time remains to attend to fact depositions, which need not be completed until January 31, 2024 per paragraph 6.

Plaintiffs protest that Defendants have not provided their Initial Disclosures. We note that no deadline to do so was set by the Discovery Plan and Scheduling Order. Nevertheless, Defendants will provide their Initial Disclosure by July 31, 2023.

Based on the foregoing, Defendants do not believe that judicial intervention is necessary at this juncture and respectfully request that Plaintiffs' request be denied until the issues are ripe. In the event that issues still remain after the parties meet and confer, the parties will advise the Court and seek its assistance as appropriate.

We thank the Court for its time and attention to this matter.

                                        Respectfully,

                                        */s/ Simi Bhutani*

                                        Simi Bhutani of
                                        LEWIS BRISBOIS BISGAARD & SMITH LLP

cc:      All counsel of record (via ECF)