

Simi Bhutani
77 Water Street, Suite 2100
New York, New York 10005
Simi.Bhutani@lewisbrisbois.com
Direct: 646.783.1708

April 25, 2024

**VIA ECF**
Hon. Edgardo Ramos, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    Neor, et ano. v. Acacia Network, Inc., et. al.
            No. 22-cv-04814 (ER)

Dear Judge Ramos:

    We represent Defendants in the above-referenced matter. We write to advise of the Court of a discovery dispute that has arisen with respect to opt-in discovery and to request 60 days to complete opt-in depositions and post-deposition discovery and an additional 30 days from the date that all depositions are complete to submit our Opposition to Plaintiffs' Motion for Collective Certification currently due on May 16, 2024. This is Defendants' second request for an extension of time. Plaintiffs do not consent.

    The genesis of this dispute is the fact that until seven business days before the previously set April 22, 2024 date for the completion of fact discovery, Plaintiffs had not identified the large majority of opt-ins to the putative collective (except for four), but since then, they have identified 38 such opt-ins, all of whom were identified from April 11 to today. It appears that Plaintiffs delayed in identifying the opt-ins deliberately to prevent Defendants from obtaining full discovery, including deposition testimony, from those opt-ins. The Court should not countenance this sharp tactic and should grant the requested relief so that Defendants can depose all of the opt-ins, and thereby be in a position to oppose Plaintiffs' certification motion based on adequate information and also avoid being surprised at trial.

    As Your Honor is aware, this is a multi-party case in which the two named Plaintiffs assert various wage and hour claims against several related defendants on a class-wide and collective basis. By way of background, Plaintiff Neor was employed by Promesa, Inc. as a Licensed Master Social Worker (LMSW) and Plaintiff Wallace was employed by Acacia Network Housing, Inc. as a Housing Specialist. Plaintiffs' Third Amended Class Action Complaint (Dkt. No. 31) avers that their respective supervisors required them to work through their lunch breaks and perform off-the-clock work without

Hon. Edgardo Ramos, U.S.D.J.
April 25, 2024
Page 2

compensation and also that they were subject to improper rounding policies.

On April 1, 2024, Plaintiffs filed a Motion for Conditional Collective Certification ("Motion") prior to the completion of discovery and attached five declarations in support of their Motion. (Dkt. Nos. 93-97). Plaintiffs also filed consent to sue forms on behalf of four opt-in Plaintiffs, who had not previously been identified. (Dkt Nos. 84-87). Upon Defendants' application to the Court, on April 5, the Court granted Defendants additional time to conduct depositions of the remaining named Plaintiff (Plaintiff Wallace) due to his previous cancellation of his deposition the day of and the four opt-in Plaintiffs[1] and provided Defendants additional time to oppose the Motion. (Dkt. No. 100).

Shortly after the Court's Order, from April 11 to today (April 25), Plaintiffs filed 38 additional consent to sue forms on behalf of never-previously-identified opt-in Plaintiffs (Dkt. Nos. 101-138). These opt-in Plaintiffs are spread across various work sites, have different job titles and duties, are employed by different employers, and report to different managers and supervisors. As such, Defendants advised CK Lee, counsel for Plaintiff, that they wished to depose all opt-in Plaintiffs; however, Mr. Lee objected on the grounds that conducting multiple depositions would be burdensome and directed Defendants to bring this issue to the Court's attention.

Rule 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any parties' claim or defense and proportional to the needs of the case." F.R.C.P. 26(b)(1). The Federal Rules are designed to encourage full pre-trial disclosure to avoid surprise at trial. See *Loral Fairchild Corp. v. Victor Co. of Japan, Ltd*., 911 F. Supp. 76, 79 (E.D.N.Y. 1996). "The pre-trial deposition-discovery mechanism established by Rules 26 to 37 is one of the most significant innovations of the Federal Rules of Civil Procedure…Thus, civil trials in federal courts no longer need to be carried on in the dark. The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial." *United States v. 50. 34 Acres of Land, More or Less, In Village of East Hills, Nassau County, N.Y*., 13 F.R.D. 19, 21 (E.D.N.Y. 1952) quoting *Hickman v. Taylor*, 329 U.S. 495, 500-501, 67 S. Ct. 385, 91 L. Ed. 451 (1947). "In determining how much discovery should be permitted, courts must balance the need for information, the information's importance in resolving the issues and the relief requested with the burden of discovery." *Lloyd v. J.P. Morgan Chase & Co.,* 2015 WL 1283681, *13 (S.D.N.Y. Mar. 20, 2015). At the same time, "[a] party 'must be afforded a meaningful opportunity to establish the facts necessary to support [its] claim'" or to prepare its defense. *Flood v. Carlson Rests*., Inc., 2016 WL 3221146, *4  (S.D.N.Y. June 7, 2016) quoting *In re Agent Orange Prod. Liab. Litig.,* 517 F.3d 76, 103 (2d Cir. 2008).

In order to be able to properly oppose the pending Motion, and most importantly to defend this case if there are later dispositive motions to be filed or at trial, Defendants must be given the

---

[1] The depositions of two of the four opt-in Plaintiffs have been scheduled for May 6 and May 10 thus far. Plaintiffs' counsel have not yet provided the availability of the two other deponents they have agreed to produce.

opportunity to depose each opt-in Plaintiff to properly determine exactly how they claim they were not properly paid, and determine what damages they might be entitled to. Defendants anticipate using the opt-in Plaintiffs' deposition testimony in opposition to the Motion and a possible future class motion. Because this case involves employees who work at entirely different job locations, reported to different managers and supervisors, and were employed by separate entities, such variation in circumstances warrants individualized discovery. Defendants would be deprived of their ability to fully defend the case at trial if they faced the prospect of defending the claims of these individuals without having any idea what their individual claims are or what evidence they have to support those claims.

Courts have regularly permitted individualized discovery in cases involving plaintiffs who held a range of positions and were subject to diverse employment policies of different managers, making the aggregation of plaintiffs' claims inappropriate. See, e.g., *Khadera v. ABM Indus., Inc.,* 2011 WL 3651031, *8-9 (W.D. Wash. Aug. 18, 2011) (collecting cases finding that individualized discovery concerning plaintiffs is important to determine whether the plaintiffs are "similarly situated within the meaning of [the] FLSA"). In fact, in *Flood*, the Court allowed defendants to depose 36 individuals – similar to Defendants' request here – and obtain discovery from 360 (out of 4,506) opt-in plaintiffs. 2016 WL 3221146, at *20.

Here, because the 42 opt-in Plaintiffs worked across numerous different job sites, reported to dozens of different managers and supervisors, individualized discovery as to all of the opt-in Plaintiffs is appropriate. *See Abubakar v. City of Solano*, 2008 WL 508911, *10 (E.D. Cal. Feb. 22, 2008) (allowing individual discovery of approximately 160 opt-ins); *Ingersoll v. Royal & SunallianceUSA, Inc.,* 2006 WL 2091097, *7-9 (W.D. Wash. July 25, 2006) (permitting individualized discovery of all 34 opt-ins); *Coldiron v. Pizza Hut, Inc.*, 2004 WL 2601180, *5-7 (C.D. Cal. Oct. 25, 2004) (allowing individual discovery of all 306 opt-in plaintiffs); *Krueger v. New York Telephone Co.*, 163 F.R.D. 446, 451 (S.D.N.Y. 1995) (permitting discovery addressed to all 162 opt-in plaintiffs); *Rosen v. Reckitt & Colman, Inc.,* 1994 WL 652534, *12 (S.D.N.Y. 1994) (allowing individual discovery of 49 opt-ins); *Brooks v. Farm Fresh, Inc.*, 759 F. Supp. 1185, 1188 (E.D. Va. 1991) (allowing discovery of all 127 opt-ins); *Kaas v. Pratt & Whitney*, 1991 WL 158943, *14-16 (S.D. Fla. 1991) (authorizing individual discovery of all 100 opt-in plaintiffs).

"[The] [k]ey to determining whether discovery on a representative or individualized basis is most appropriate is the total number of opt-in plaintiffs: 'although there is far from a 'bright line' test as to the number of opt-in plaintiffs which tips the balance in favor of representative sampling as opposed to individualized discovery, it appears that when the number of opt-in plaintiffs is approaching 200, courts are more inclined to order a representative sampling.'" *Onate v. Ahrc Health Care, Inc.*, 2023 WL 6973734, *5-6 (S.D.N.Y. Oct. 23, 2023) citing *Lloyd*, 2015 WL 1283681 at *11-12; See also *Balderramo v. Go N.Y. Tours Inc.*, 15-cv-2326 (ER), 2021 WL 6427602, *4-5 (S.D.N.Y. Dec. 7, 2021) (same). Here, there are far fewer than 200 opt-in plaintiffs, and deposing 42 individuals will not be overly burdensome. Indeed, in *Balderramo*, Your Honor permitted individualized discovery in class/collective action, recognizing that "[t]he total number of opt-in Plaintiffs in this

Hon. Edgardo Ramos, U.S.D.J.
April 25, 2024
Page 4

case – approximately 20 – falls far below the numbers in many of the cases where courts ordered representative sampling as opposed to individualized discovery". Defendants have already offered to conduct two depositions per day via video conferencing and would consent to a three hour limit for each deposition (assuming no obstructive conduct by opposing counsel). Prohibiting Defendants from deposing all or most of the opt-in Plaintiffs will prejudice our ability to adequately probe their allegations to prepare for motion practice as well as trial. Defendants should not be faced with the prospect that an opt-in takes the stand at trial without having any discovery from that individual that would enable Defendants to prepare for the testimony including for cross-examination. As such, on balance the limited burden posed to Plaintiffs to participate in multiple depositions does not outweigh Defendants' urgent need for such discovery to avoid being deprived of their ability to defend this case.

In light of the foregoing, Defendants respectfully request that the Court permit Defendants to depose all 42 opt-in Plaintiffs and allow 60 days, that is, until June 25, 2024, to complete such depositions and post-deposition discovery. Further, Defendants request a 30 day extension of time from the date all depositions are complete, to July 25, 2024, to submit our Opposition to Plaintiff's Motion.

We are available for a conference to address these issues at the Court's convenience. We thank the Court for its time and attention to this matter.

Respectfully,

 */s/ Simi Bhutani*

Simi Bhutani of
LEWIS BRISBOIS BISGAARD & SMITH LLP