# LEE LITIGATION GROUP, PLLC
148 WEST 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1188
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:       212-465-1188
                       cklee@leelitigation.com

**Via ECF**                                                                 July 19, 2024
The Honorable Edgardo Ramos, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

        Re:    *Neor et al v. Acacia Network, Inc., et al.*
               Case No.: 22-cv-04814

Dear Judge Ramos:

    We are counsel to Plaintiffs in the above-referenced matter. We write in reply to Defendants' opposition to Plaintiff's motion to compel discovery and Defendants' request for sanctions related to opt-in Plaintiffs' depositions (Dkt. No. 160).

Defendants' request for sanctions is moot:

    In their letter Defendants request that opt-in Plaintiffs Angelina Lopez and Nafiya James be dismissed from this action as a result of their failure to confirm their deposition availability. Defendants also request for the same reason that Ms. Lopez's declaration be deemed disregarded for purposes of Plaintiffs' conditional certification motion. After careful consideration, Plaintiffs consented to dismiss opt-in Plaintiffs Angelina Lopez and Nafiya James from the case, without prejudice.

    Counsel for Plaintiffs has also informed Defendants that counsel for Plaintiffs will appear on camera during the depositions for opt-in Plaintiffs.

Production regarding Opt-In Plaintiffs' Post Deposition Discovery Demands remains outstanding:

    While Defendants have produced some of the requested documents for Tearah Chestnut and other opt-in Plaintiffs, much of the requested documents still remain outstanding. Plaintiffs' initial post-deposition discovery demands were initially served on May 10, 2024. On June 10, 2024, Defendants advised that the person responsible for collecting that information had passed away. This production remains outstanding, and now Defendants advise that they anticipate making this production by August 31, 2024, if they are able to locate the documents. This date is nearly 4 months after the request was initially served, and well after the deadline for completion of opt-in depositions. Defendants cannot continue to hide behind the excuse that opt-in Plaintiffs worked at multiple locations or that one of Defendants' personnel members has passed away.

This is yet another attempt underscoring Defendants delaying this litigation and running out the clock to prevent Plaintiffs from accessing key discovery to be used at deposition and Plaintiffs anticipated Rule 23 Motion.

ESI

      Despite Defendants' contention, Plaintiffs have not abandoned or waived their request for ESI related to opt-in Plaintiffs. Plaintiffs timely requested the ESI immediately following the depositions of the opt-in Plaintiffs. Moreover, Defendants cannot seriously claim that the agreement reached between the parties early in the litigation to limit the ESI to the two named Plaintiffs also extends to the 48 opt-in Plaintiffs, who were not a part of this litigation until April 2024. The agreement Defendants reference in their opposition letter was made several months ago long before any opt-ins were even part of this suit. Plaintiffs could not predict the opt-ins who would join and had not contemplated precluding ESI for opt-ins if any were to join.

      The ESI requested by opt-in Plaintiffs is relevant and the need for it only arose during the depositions of opt-in Plaintiffs as a result of the questions raised by Defendants' counsel and the testimony of the opt-in Plaintiffs. Defendants do not present any valid basis for refusing to produce this information. Moreover, Defendants' suggestion of a further extension of Defendants' time to respond to Plaintiffs' conditional certification motion, or to stay depositions, should also be denied. At every turn, Defendants have delayed this litigation, and the Court should not allow their delays to continue.

*       *       *

      Given the extensive delay in Defendants' production, Defendants should be compelled to produce all outstanding documents and ES by July 26, 2024, and if production is not complete, the Court draw an adverse inference with regard to Defendants' deficiencies.

      We thank the Court for its time and attention to this matter.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

cc: all parties via ECF