# Lee Litigation Group, PLLC
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:        (212) 465-1188
                        cklee@leelitigation.com

July 25, 2024

**Via ECF:**
The Honorable Edgardo Ramos, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: *Neor et al v. Acacia Network, Inc. et al.*
     Case No.: 22-cv-04814

Dear Judge Ramos:

  This office represents Plaintiffs in the above-referenced matter. We write to provide an update on the status of discovery and the depositions for Opt-in Plaintiffs, pursuant to the Court's directives at the May 8, 2024, conference. Additionally, Plaintiffs, request leave to serve Requests to Admit. Plaintiffs requested Defendants consent to serve Requests to Admit, but Defendants advised they do not consent.

  **I.** **Current deadlines**

- Defendants' depositions of the Opt-In Plaintiffs are to be completed by August 8, 2024 (Minute Entry, dated May 8, 2024)
- Defendants' opposition to Plaintiffs' motion for conditional collective certification is due by September 9, 2024 (Minute Entry, dated May 8, 2024)

  **II.** **Depositions**

  Pursuant to the Court's Order, in addition to the 2 named Plaintiffs, Plaintiff Neor and Plaintiff Wallace, and the 4 Opt-in Plaintiffs who filed declarations in support of Plaintiffs' motion for conditional collective certification, Defendants were permitted to depose an additional 15 Opt-in Plaintiffs, with a time limit of 3 hours per deposition. All depositions were to be concluded by August 8, 2024.

  As of this status update, Defendants have deposed the two named Plaintiffs, and Opt-in Plaintiffs/declarants Tearah Chestnut, Melysa Exolas, and Clarice Robinson. The parties have also scheduled the majority of depositions for the 15 Opt-in Plaintiffs permitted by the Court's Order ("Opt-In Plaintiffs Depositions"). The parties are conducting two depositions per day in order to adhere to the schedule set by the Court.

  In response to Defendants' letter filed on July 16, 2024 seeking sanctions related to deposition scheduling issues, Plaintiffs informed the Court that the claims of Opt-in

1

Plaintiffs/declarant Angelina Lopez and Opt-in Plaintiff Nafiya James would be dismissed without prejudice.

### III. Discovery Disputes

Currently before the Court is Plaintiffs' motion to compel Defendants to provide outstanding discovery and ESI related to all Opt-in Plaintiffs, including those whom Defendants have deposed or intend to depose. *See* Dkt. Nos. 158 – 161. The Court has scheduled a conference regarding the open discovery issues for July 31, 2024. Defendants advised they are not available on this date and would seek to adjourn the conference. Plaintiffs request to hold the conference as scheduled, albeit remotely, given that counsel for Plaintiffs is already booked for the month of August and will also be out of the office the last week of August.

Production of these documents and relevant ESI is still outstanding. Significantly, although Defendants continue to object to producing the requested documents and ESI, such would provide documentary proof of the hours that Plaintiffs and Opt-In Plaintiffs were working. For example, among the documents requested by Plaintiffs are "Daily log in book (manually written)" (*see* Post-Chestnut Deposition Request No. 3, Dkt. No. 158), and the "First and last emails from work email accounts of each Opt-In while employed by Defendants on a daily basis" (*see* ESI Request Dkt. No. 158). Multiple witnesses have testified to the existence of such log-books, used to track daily entry/exit for security purposes. These log-books and emails document the actual times that Opt-In Plaintiffs began and ended work each day.

Plaintiffs requested, as a sampling, that the above be produced for each Opt-In Plaintiff across all locations where Opt-In Plaintiffs were employed by Defendants. Defendants refuse to produce these documents and ESI.

In addition to the above outstanding discovery and ESI, Defendants have also failed to produce comprehensive documents for the Opt-In Plaintiffs. In particular, Defendants have not produced on-boarding documents for the Opt-In Plaintiffs, despite Plaintiffs' requests.

Lastly, despite Defendants' continued objections to producing relevant discovery and ESI for the Opt-In Plaintiffs, at each deposition conducted thus far for Opt-In Plaintiffs and the Declarants, Defendants continue to request they produce post-deposition discovery. The wage records Defendants have produced are not complete and do not cover the entire employment period.

* * *

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.