

Simi Bhutani
77 Water Street, Suite 2100
New York, New York 10005
Simi.Bhutani@lewisbrisbois.com
Direct: 646.783.1708

July 25, 2024

**VIA ECF**
Hon. Edgardo Ramos, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    **Neor, et ano. v. Acacia Network, Inc., et. al.**
              **No. 22-cv-04814 (ER)**

Dear Judge Ramos:

      I represent Defendants Acacia Network, Inc., Acacia Network Housing, Inc. and Promesa Residential Health Facility, Inc. in the above-referenced matter. I write to seek an adjournment of the in-person pre-motion conference scheduled for July 31, 2024 (Dkt. No. 162) because I will be out of the country. I am available to attend the conference on August 16, 20-23, 27-29. I also write to request a 30 day extension of the August 8, 2024 deadline to complete Opt-In Plaintiff depositions and to oppose Plaintiff's motion for conditional certification currently due on September 9, 2024. Lastly, I address Plaintiffs' recent, belated request for leave to serve Request for Admissions and other discovery disputes below.

<u>Pre-Motion Conference</u>

      On July 22, 2024, the Court scheduled a telephonic pre-motion conference for July 31, which was modified today to occur in person instead of by phone. (Dkt. No. 163). On July 23, I spoke to Plaintiffs' counsel, C.K. Lee, to seek his consent to adjourn the conference to mid-August as I would be out of the country on the date of the conference and requested that Mr. Lee provide alternate dates he would be available after my return. Today, I followed up with Mr. Lee via email seeking his consent to an adjournment and again requested that he provide his availability in August. In response, Mr. Lee advised that he would not consent to an adjournment but rather would request that the July 31 conference be held by phone instead. I stated that I would not be available by phone on July 31 due to my travel schedule. He advised that he would not consent to an adjournment. He provided no explanation as to why he is withholding consent and merely states that he is unavailable the entire month of August. Mr. Lee's latest outrageous litigation conduct leaves Defendants with no choice but to write to the Court now as I am leaving on an international trip soon. Obviously, Defendants would

Hon. Edgardo Ramos, U.S.D.J.
July 25, 2024
Page 2

be significantly prejudiced if the conference had to proceed on July 31 in my absence since I have been handling all of the discovery proceedings and disputes raised to the Court.

### Depositions and Discovery Disputes

Plaintiffs filed a letter with the Court today (Dkt. No. 164) providing an update regarding Opt-In Plaintiff depositions. Mr. Lee neglects to include in his letter that we had previously scheduled all 15 Opt-In Plaintiff depositions between June and August; however, several depositions had to be adjourned because Mr. Lee produced additional documents *the day of the deposition* which Defendants' counsel needed to review before deposing the deponent. This improper conduct occurred on two occasions thus far, July 22 and July 24. Further, Mr. Lee advised that one deponent had a medical emergency and that her deposition needed to be adjourned, to which I agreed. Mr. Lee has not confirmed alternate dates for these three witnesses' depositions, despite my having made clear my concern that we may not be able to complete all depositions before the August 8 deadline due to these unexpected circumstances.

Further, since two Opt-In Plaintiffs, Nafiya James and Angelina Lopez, are being voluntarily dismissed from this lawsuit, I advised Mr. Lee that Defendants would select two alternate opt-ins to depose as their replacement. Mr. Lee objected to this, even though Your Honor expressly permitted Defendants to conduct 15 depositions. See Minute Entry dated May 8, 2024. As such, we respectfully request that Plaintiffs be compelled to produce 15 Opt-In Plaintiffs for depositions as contemplated including two new Opt-Ins to be identified by Defendants.

Defendants further request that the deadline to complete depositions and post-deposition discovery be extended by 30 days from August 8 to September 9 in light of the circumstances described herein. Defendants further request an extension of Defendants' deadline to oppose the pending conditional collective certification motion by 30 days from September 9 to October 9 so that Defendants have the benefit of all discovery being complete before the filing of their opposition.

Regarding Plaintiffs' eleventh hour request to serve Request for Admissions, Defendants do not consent to this belated request which is being made just two weeks before the August 8 discovery deadline. Plaintiffs have already served interrogatories, document demands and supplemental interrogatories and document demands. It is evident that Plaintiffs only wish to serve additional requests to burden Defendants with additional discovery to increase defense costs and push them into settlement discussions.

Lastly, Plaintiffs' latest submission improperly addresses the previously submitted disputes regarding ESI discovery, which are already before the Court and are scheduled to be addressed at the pre-motion conference. The Court should not consider the new submission on this point, and we do not plan to respond further for this reason.

Hon. Edgardo Ramos, U.S.D.J.
July 25, 2024
Page 3

We thank the Court for its time and attention to this matter.

          Respectfully,

          */s/ Simi Bhutani*

          Simi Bhutani of
          LEWIS BRISBOIS BISGAARD & SMITH LLP

cc: All counsel of record (via ECF)