# Lee Litigation Group, PLLC
148 West 24th Street, 8th Floor
New York, NY 10011
Tel: 212-465-1188
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:   212-465-1188
   cklee@leelitigation.com

**Via ECF**                                                                October 17, 2024

The Honorable Edgardo Ramos, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:   *Neor et al v. Acacia Network, Inc., et al.*
            Case No.: 22-cv-04814

Dear Judge Ramos:

      We are counsel to Plaintiffs in the above-referenced matter. We write in response to the Court's Order dated October 16, 2024 (Dkt. No. 180) and in opposition to Defendants' motion to compel (Dkt. 177).

1. <u>Defendants' request to recall Mr. Ford and for fees should be denied because Defendants refused Plaintiffs' proposal to complete Mr. Ford's deposition on October 7, 2024</u>

      Defendants' request to recall Mr. Ford for deposition is meritless and should be denied because Plaintiffs offered that Defendants go as long as they needed, but they refused. Plaintiffs' counsel advised that he would reserve his right to exclude any testimony obtained after the 3-hour limit, and that it would be for the Court to decide. Defendants would not have given up any rights, but still refused the proposal. Defendants' counsel also refused to permit Plaintiffs' counsel from conducting cross-examination and wanted not only extra time to conclude the Ford deposition but also that Plaintiffs' counsel waive this right on the spot to request that the Court exclude any testimony Defendants obtained after the 3-hour limit.

      Defendants should not be allowed to use the deposition testimony obtained by Mr. Ford on October 7, 2024, because Defendants exceeded the 3-hour limit without any basis, refused to allow Plaintiffs' counsel a cross-examination, and improperly insisted on Plaintiffs' counsel waiving his right to seek to exclude any testimony Defendants obtained after the 3-hour limit.

      Defendants' request that Plaintiffs pay attorneys' fees and costs for a 15-minute continuation of Mr. Ford's deposition is equally meritless. Defendants only have themselves to blame for not completing Mr. Ford's deposition. In fact, the only reason Defendants offer for not completing the deposition is because exploration of Mr. Ford's claims and employment history took "slightly more time than anticipated." In the first place, a continuation is not warranted, and under no circumstances should Plaintiffs be required to pay for Defendants' inability to properly allocate questioning time during deposition.

      Neither the conduct of Plaintiffs' counsel nor that of Mr. Ford impeded Defendants from completing Mr. Ford's deposition. Instead, Defendants' counsel asked repetitive questions, failed to listen to the testimony, and concluded that exploration of Mr. Ford's claims and employment

history took "slightly more time than anticipated." As a result, Defendants now want the Court to Order Plaintiffs to pay fees and costs for a continued deposition. This request should be denied outright.

2. Defendants' request to extend the time limit for Opt-In depositions should be denied

By the Court's Order, Defendants were permitted to conduct 15 three-hour depositions of the Opt-In Plaintiffs by August 8, 2024. *See* Minute Entry, dated May 8, 2024. On September 5, 2024, this deadline was extended to November 15, 2024. *See* Minute Entry, dated September 5, 2024.

Defendants now seek to extend the deposition time limit for the remaining Opt-In Plaintiff depositions from 3 hours to 4 hours. The Court's Order was entered on May 8, 2024. Defendants did not object to it, and did not move for reconsideration. Defendants' time to request that the Court modify this Order has long passed and should summarily be denied.

3. Substitution Opt-In deponents is inappropriate

Plaintiffs have already addressed Defendants' request to dismiss certain Opt-In Plaintiffs, in Plaintiffs' October 11, 2024 filing at Dkt. No. 178, but provide the following as a supplement.

If Opt-In Plaintiffs who fail to appear for deposition are dismissed with prejudice, Defendants should not be permitted to perpetually extend the litigation and their time to oppose Plaintiffs' motion for conditional collective certification by selecting alternate Opt-In Plaintiffs to depose. *See Saleem v. Corp. Transp. Grp.*, Ltd., 2013 U.S. Dist. LEXIS 172104 at *14-15 (S.D.N.Y. Dec. 5, 2013)(denying defendants' motion to compel additional plaintiffs to appear for deposition even though court initially granted defendants 16 depositions and defendants were only able to complete 14). Here, similar to *Saleem*, Defendants have completed most of the depositions for Opt-In Plaintiffs and there is no material difference between the number of depositions ordered and the number completed at that stage of the litigation. Moreover, "If, in opposing Plaintiffs' summary judgment motion, Defendants believe that additional discovery is necessary, they may then file an affidavit under Rule 56(d) of the Federal Rules of Civil Procedure. *Id*.

The same applies here, and Defendants' request to indefinitely select alternate Opt-In Plaintiffs to depose in order to complete 15 (mostly duplicative depositions) is not warranted. Although *Saleem* denied defendants' request to dismiss plaintiffs who failed to appear for deposition, here Plaintiffs would consent to dismissal with prejudice of unresponsive Opt-In Plaintiffs, provided this be Defendants' relief, and Defendants not be permitted alternate Opt-In Plaintiffs to depose.

*          *          *

In view of the foregoing, the Court should deny all of Defendants' various requests detailed their motion to compel. We thank the Court for its time and attention to this matter.

Respectfully submitted,
*/s/ C.K. Lee*
C.K. Lee, Esq.