

Simi Bhutani
77 Water Street, Suite 2100
New York, New York 10005
Simi.Bhutani@lewisbrisbois.com
Direct: 212.232.1322

February 20, 2025

**VIA ECF**
Hon. Edgardo Ramos, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    **Neor, et ano. v. Acacia Network, Inc., et. al.**
             **No. 22-cv-04814 (ER)**

Dear Judge Ramos:

      We represent Defendants Acacia Network, Inc., Acacia Network Housing, Inc. and Promesa Residential Health Facility, Inc. in the above-referenced matter. We write to request that the Court schedule a conference to address a discovery dispute between the parties. Plaintiffs have objected to Defendants' request for disclosure of certain communications between Plaintiffs' counsel and the opt-in plaintiffs during the period before they retained Plaintiffs' counsel. It is our position that such communications are not privileged.

      The specific request is number 28 set forth in Opt-In Plaintiffs' Amended Responses to Defendants' First Request for the Production of Documents, dated January 28, 2024. Identical requests were formally made to other Opt-In Plaintiffs as well and were met with Plaintiffs' same objections. Annexed hereto is the cover page for the Response with the pertinent content on page 8 and the signature page. This request asks for production of "Correspondence exchanged between Opt-In Plaintiffs and C.K. Lee, James Jackson or any person associated with Lee Litigation Group, PLLC concerning the Action, the filing of the Action, joining the Action, and/or claims asserted in the Action, prior to the retention of counsel or to the filing of Opt-In Plaintiffs' Consent to Sue forms." Plaintiffs objected to the request "to the extent it is vague, overbroad and unduly burdensome" and "to the extent it seeks information/documentation that is subject to the attorney-client privilege, the attorney work product privilege, or that was prepared in anticipation of litigation."

      Those objections are not well taken. The request is obviously not vague, overbroad or burdensome. The objection based on privilege is not well taken because there was no attorney-client privilege prior to the time the individuals actually retained counsel, and we have not requested any

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

152970126.1

Hon. Edgardo Ramos, U.S.D.J.
February 20, 2025
Page 2

communications once the attorney-client relationship was formed. *See, e.g., Vallone v. CNA Financial Corp.*, 2002 WL 1726524, *1 (N.D. Ill. 2002) (holding that the attorney-client privilege did not attach between putative class counsel and putative class members and granting defendants' motion to compel supplemental discovery of questionnaires); *Hammond v. City of Junction City, Kansas,* 167 F. Supp. 2d 1271, 1286 (D. Kan. 2001) ("It is fairly well-settled that *prior to* class certification, no attorney-client relationship exists between class counsel and the putative class members."); *Garrett v. Metropolitan Life Ins. Co.,* 1996 WL 325725, *6 (S.D. N.Y. 1996), *report and recommendation adopted,* 1996 WL 563342 (S.D. N.Y. 1996) (noting that "before class certification, the putative class members are not 'represented' by the class counsel for purposes of DR 7-104"). See generally McLaughlin on Class Actions § 11:1 (21st ed.).

Similarly, the correspondence sought by this request cannot be classified as work product or as material prepared for litigation if was exchanged with individuals who were not then clients such as the potential Opt-In Plaintiffs, or if the correspondence was authored by those non-clients and sent to Plaintiffs' counsel. In fact, during depositions, Defendants questioned several deponents about their communications with Plaintiffs' counsel prior to filing consent to forms. Although Plaintiffs' counsel objected to such questioning asserting privilege, the parties contacted the Court for a ruling and Judge Preska overruled the objection and permitted Defendants to continue this line of questioning.

Finally, Plaintiffs should be compelled to provide the requested documents because they are relevant to issues such as the adequacy of class counsel and the other issues germane to class certification such as typicality and commonality under Rule 23. Further, these communications could be helpful in determining credibility of the witnesses and contain other pertinent information regarding the claims. The broad scope of discovery under the Federal Rules of Civil Procedure obviously supports mandating such disclosure.

We are available for a conference to address this matter at the Court's convenience.

Respectfully,

 */s/ Simi Bhutani*

Simi Bhutani of
LEWIS BRISBOIS BISGAARD & SMITH LLP

cc:    All counsel of record (via ECF)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

GIITOU NEOR and TYRONE WALLACE,
*on behalf of themselves, FLSA Collective Plaintiffs,*
*and the Class,*

                       Plaintiffs,

    v.

ACACIA NETWORK, INC., et al.,

                       Defendants.

Case No.: 22-cv-04814

---

**OPT-IN PLAINTIFFS' AMENDED RESPONSES TO DEFENDANTS'**
**FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rule 26(b) and Rule 34 of the Federal Rules of Civil Procedure and Local Civil Rules 26.2 and 26.3, Opt-In Plaintiffs AMANDA ALPHONSO, DIAMOND CLARKE, ISRAEL CRUZ, JAYMIE BUTLER, KAYLA BERNAL, MICHELLE BANKS, SHANIE BUTLER, SHANTEL DELANEY, TIFFANY MONTANEZ, ZENJA BOSTIC, RICHARD T. CARBERRY, MARK RICHARDS, JOANNA ALVAREZ, CAROLYN PRIVETTE, KAREN BREHM-CALLACI, SHAWNTELL FEREBEE, SHARON DAVID, OTIS LESTER, GLENN REID, CYNTHIA COBOS, DONNA GITTENS, SHARON WILLIAMS, FRANCES RIVERA, DAYANA JEAN-GILLES, VIRGINIA OYEBADE, and MIRANDA GUZMAN (collectively "Opt-In Plaintiffs"), by and through their undersigned attorneys, hereby submit the following amended responses and objections to the First Request for Production of Documents propounded by Defendants ACACIA NETWORK, INC., ACACIA NETWORK HOUSING, INC., and PROMESA RESIDENTIAL HEALTH CARE FACILITY, INC. ("Defendants").

The definitions and rules of construction of Local Civil Rule 26.3 are adopted herein.

1

plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages, including overtime, due to a policy of time-shaving and detrimental rounding. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs", as alleged in paragraph 13 of the Complaint.

**RESPONSE**: *See* response to Document Request No. 1.

**Document Request No. 26**: Documents that bear on the allegations that "[a]ll the Class members were subject to the same corporate practices of Defendants of: (i) failing to compensate wages, including overtime, due to time-shaving, (ii) failing to compensate wages, including overtime, due to detrimental rounding, (iii) failing to properly provide wages notices to Class members, at the date of hiring and annually thereafter, per requirements of the NYLL", as alleged in paragraph 18 of the Complaint.

**RESPONSE**: *See* response to Document Request No. 1.

**Document Request No. 27**: Documents that bear on the allegations in paragraph 40 of the Complaint that Opt-In Plaintiffs were subject to unlawful rounding policies.

**RESPONSE**: *See* response to Document Request No. 1.

**Document Request No. 28**: Correspondence exchanged between Opt-In Plaintiffs and C.K. Lee, James Jackson or any person associated with Lee Litigation Group, PLLC concerning the Action, the filing of the Action, joining the Action, and/or claims asserted in the Action, prior to any retention of counsel or to the filing of Opt-In Plaintiffs' Consent to Sue forms.

**RESPONSE**: Opt-In Plaintiffs object to this Request to the extent it is vague, overbroad and unduly burdensome. Opt-In Plaintiff further objects to this Request to the extent it seeks information/documentation that is subject to the attorney-client privilege, the attorney work product privilege, or that was prepared in anticipation of litigation.

**Document Request No. 29**: Correspondence exchanged between Opt-In Plaintiffs and other persons other than counsel concerning the Action, the filing of the Action, joining the Action, and/or claims asserted in the Action, including but not limited to communications exchanged through text message and social media.

**RESPONSE**: Opt-In Plaintiffs object to this Request to the extent it is vague, overbroad and unduly burdensome. Notwithstanding the foregoing, none.

**Document Request No. 30**: Documents reflecting, referring or relating to the damages claimed by Opt-In Plaintiffs.

**RESPONSE**: Opt-In Plaintiffs object to this Request to the extent that such documents are equally accessible by Defendants and within Defendants' possession, custody, or control. Notwithstanding the foregoing, damages for Opt-in Plaintiffs and Class Members have yet to be determined.

**Document Request No. 31**: Documents concerning any government agency complaint filed by Opt-In Plaintiffs arising out of their relationship with Promesa, Acacia and/or ANHI, including, without limitation, all documents submitted by or on behalf of Opt-In Plaintiffs to any federal, state or local administrative agency.

**RESPONSE**: Opt-In Plaintiffs object to this Request to the extent it is vague, overbroad, unduly burdensome, and seeks documents not relevant to the litigation. Notwithstanding the foregoing, none.

**Document Request No. 32**: Statements or affidavits of any persons who allegedly witnessed or who have personal knowledge as to Opt-In Plaintiffs' claims or as to any of the actionable conduct alleged in the Complaint.

**RESPONSE**: Opt-In Plaintiffs object to this Request to the extent it is vague, overbroad, unduly burdensome. Notwithstanding the foregoing, none.

**Document Request No. 33**: Documents which in any way substantiate, bear on, disprove or undercut any of the claims and/or defenses in this action.

**RESPONSE**: Opt-In Plaintiffs object to this Request to the extent it is vague, overbroad and unduly burdensome. Notwithstanding the foregoing, none.

Dated: New York, New York  
January 28, 2024

By: */s/ C.K. Lee*  
C.K. Lee, Esq.  
LEE LITIGATION GROUP, PLLC  
148 W 24th Street 8th Floor  
New York, New York 10011  
Tel: (212) 465-1188  
Fax: (212) 465-1181  
*Attorneys for Plaintiffs,*  
*FLSA Collective Plaintiffs,*  
*and the Class*