**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GIITOU NEOR and TYRONE WALLACE,
*on behalf of themselves, FLSA Collective Plaintiffs,*
*and the Class*,

Plaintiffs,

v.

ACACIA NETWORK, INC.,
d/b/a ACACIA NETWORK,
ACACIA NETWORK HOUSING INC.,
d/b/a ACACIA NETWORK,
PROMESA RESIDENTIAL HEALTH CARE
FACILITY, INC.,
d/b/a PROMESA, and
JOHN DOE CORP 1-100

Defendants.

Case No.: 22-cv-04814 (ER)

**PLAINTIFFS' SUR-REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**PLAINTIFFS' MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION**

C. K. Lee, Esq.
Lee Litigation Group, PLLC
148 West 24th Street, 8th Floor
New York, NY 10011
Tel: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiffs,*
*FLSA Collective Plaintiffs,*
*and the Class*

**<u>INTRODUCTION</u>**

Pursuant to the leave granted by this Court's March 14, 2025 order (Dkt. No. 219), Plaintiffs submit this memorandum in response to Defendants' Sur-Reply and in further support of Plaintiffs' motion for collective certification.

In their Sur-Reply, Defendants take issue with Plaintiffs' characterization of Defendants' interpretation of various portions of the deposition testimony of Plaintiff Giitou Neor and Opt-In Plaintiff Unice Williams. Defendants' complaints are meritless. In characterizing Defendants' interpretations as distortions, Plaintiffs compared Defendants' interpretations to the actual deposition testimony purportedly relied upon by Defendants and then provided the Court with broader portions of the actual deposition testimony so the Court could see for itself that Defendants' interpretations were inaccurate.

For example, as noted on page 1 of Plaintiffs' Reply, Defendants' argument on page 25 of their Opposition that Plaintiffs and Opt-In Plaintiffs testified they did not seek overtime authorization giving rise to the defense that supervisors may not have been aware that employees were working overtime, is a mischaracterization of Plaintiff Neor's testimony. Defendants did not provide any of the actual text from the deposition transcripts, but instead only citations, directing the Court, for example, to Neor. Tr. 64:5-65:2. To demonstrate an example of Defendants' distortion of the testimony, Plaintiffs provided the Court with the testimony starting slightly earlier. Here, the additional testimony provided by Plaintiffs in their Reply is underlined.

> <u>Q. Was your work past 4:00 p.m. authorized?</u>
> <u>A. I was -- I was still working on the clock. I was still providing services, so, yes.</u>
> <u>Q. Did Ms. Vasquez, Ms. Follweiler or Mr. Carridice approve you working past</u>
> <u>four o'clock?</u>
> <u>A. They knew they had sent me out on the work trip, so, yes.</u>
> Q. Did you ever have to submit any type of documentation for authorization to work late or work overtime?
> A. No.
> Q. Do you know if authorization was typically required before you worked past four o'clock?
> A. Yes.
> Q. What's the process for obtaining authorization?

A. That they have notice that you're working over your hours.
Q. Did you have to inform them?
A. No. They were aware I was working over my hours because they were the ones who instructed me to do the task.
Q. But did you have to inform them in any other way? Did you have to give them heads-up that you were working late or submit any type of documents to show that?
A. No. They are tasks that they assigned.

Lee Decl. II, **Exhibit 25** (Neor Tr. 63:19-65:2)

As can readily be seen from the text above, without the complete text, it may appear that supervisors were not aware that Plaintiff Neor was working overtime, but when the full text is provided, it is clear supervisors Ms. Vasquez, Ms. Follweiler or Mr. Carridice should have known that Plaintiff Neor was working overtime since, as she testified, they sent her out on trips after her scheduled end time of 4:00 p.m. The full text therefore makes clear Defendants' distortion and that Plaintiff Neor's supervisors not only knew about her overtime work, but also tacitly authorized it.

Defendants similarly take issue with the contentions raised by Plaintiffs in their Reply that Defendants also misrepresented the testimony of Opt-In Plaintiff Unice Williams. However, in the Reply, Plaintiffs merely compared Defendants' interpretations to the actual deposition testimony and provided the Court with broader portions of Defendants' citations so the Court could reach a determination for itself. Defendants claim that Plaintiffs incorrectly argue that Opt-In Williams' supervisors were aware that she worked past her shift because the individuals identified by Opt-In Williams in her deposition as having knowledge of her working past her shift were all co-workers and not supervisors. Def. Sur-Reply at 1. However, Defendants overlook the clarification made by Opt-In Williams during her deposition regarding the name of the supervisor who worked similar hours to her on the weekends and therefore had knowledge of Opt-In Williams working past her scheduled shift. Plaintiffs did not include the text of the name clarification in their Reply, but they made clear that supervisors were aware that Opt-In Williams was working past her shift and

provided the Court with the full transcript to support this claim. Given Defendants complaints,

Plaintiffs provide the full portion of Opt-In Plaintiff Williams' testimony here.

> A Program director, Ms. Bell -- Ms. Banck, sorry.
> Q. Oh, Ms. Banck. Okay. What was Ms. Banck's typical shift?· Did she worked like 9:00 to 5:00?
> A. Yes, from, like, 9:00 to 5:00, uh-huh, or -- because the other one, I never -- I never get to see her, Ms. -- Ms. Gonzalez --
> Q. Okay.
> A. was out before I get there.
> Q. So Ms. Bell worked 9:00 to 5:00 and you worked 4:00 to 12:00, right?
> A. Yeah. Uh-huh.
> Q. So how did she see you work past your shift if -- wasn't she already gone?
> A. No, because I'm talking about the weekends. On -- on the weekends I worked from 9:00 to 5:00.
> Q. Did Ms. Banck also work on the weekends?
> A. Yeah, some weekends she do, uh-huh.· The -- the one that never came on the weekend was Ms. Gonzalez.

Lee Decl. II, **Exhibit 43** (Williams Tr.) 69:11-70:3

Opt-In Williams made clear that it was her supervisor Ms. Banck who had knowledge of

Ms. Williams working past her shift on the weekends, because on the weekends Opt-In Williams

and her supervisor Ms. Banck worked similar schedules. Defendants argue that Plaintiffs

"misrepresent the record because Williams made clear in her testimony several times that those

three individuals were co-workers, not supervisors" Def. Sur Reply at 1. However, as shown above,

this is not the case at all. To the contrary, after Ms. Williams clarifies that she is speaking about

her supervisor Ms. Banck and that Ms. Banck worked the same shift as Opt-In Williams on the

weekends, it is Defendants who in their questioning continue to refer to the individual as Ms. Bell.

In their Sur Reply Defendants also direct the Court to other citations from the deposition

of Opt-In Plaintiff Williams. However, Plaintiffs need not address those citations, since they were

not quoted in Plaintiffs' Reply, and Plaintiffs have already made clear that Defendants' complaints

about Plaintiffs' characterization of Defendants' interpretations are unfounded.

<u>**CONCLUSION**</u>

For the foregoing reasons and those previously advanced, Plaintiffs respectfully request

that this Court enter an order granting Plaintiffs' motion.

Date: March 19, 2025                                  Respectfully submitted,
New York, New York
                                                      LEE LITIGATION GROUP, PLLC

                                          By:   /s/ CK Lee
                                                C.K. Lee, Esq.
                                                C.K. Lee (CL 4086)
                                                Anne Seelig (AS 3976)
                                                148 West 24th Street, 8th Floor
                                                New York, NY 10011
                                                Tel.: (212)465-1180
                                                *Attorneys for Plaintiffs,*
                                                *FLSA Collective Plaintiffs,*
                                                *and the Class*