UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIITOU NEOR and TYRONE WALLACE, *on behalf of themselves, FLSA Collective Plaintiffs, and the Class*,<br><br>               Plaintiff,<br><br>       -against-<br><br>ACACIA NETWORK, INC., d/b/a ACACIA NETWORK, ACACIA NETWORK HOUSING INC., d/b/a ACACIA NETWORK, PROMESA RESIDENTIAL HEALTH CARE FACILITY, INC., d/b/a PROMESA, and JOHN DOE CORP 1-100,<br><br>               Defendants. | 22-cv-4814 (ER) |

**ORDER GRANTING (1) PLAINTIFFS' UNOPPOSED MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, CONDITIONAL FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT; (2) PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF PLAINTIFFS' SERVICE AWARDS; AND (3) PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF ATTORNEYS' FEES**

After participating in a private mediation session, and despite their adversarial positions in this matter, Named Plaintiffs Giitou Neor and Tyrone Wallace ("Plaintiffs") and Defendants Acacia Network, Inc., d/b/a Acacia Network, Acacia Network Housing Inc., d/b/a Acacia Network, Promesa Residential Health Care Facility, Inc., d/b/a Promesa and Promesa, Inc. (collectively "Defendants", and with Plaintiffs, the "Parties") negotiated a settlement of this litigation on a class and collective basis. The terms of the proposed settlement ("Settlement") are set forth in the Class and Collective Settlement Agreement ("Settlement Agreement").

On January 27, 2026, Plaintiffs filed a Motion for Certification of the Settlement Class,

Conditional Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for Conditional Final Approval"), which for settlement purposes only, Defendants did not oppose. That same day, Plaintiffs also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for Service Awards ("Motion for Service Awards"). The motions were unopposed, and Defendants did not object to the requests for attorneys' fees, costs, or service payments.

Having considered the Motion for Conditional Final Approval, the Motion for Attorneys' Fees Costs and Expenses, the Motion for Service Awards, and the supporting declarations, for the reasons set forth therein, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Settlement Agreement.

2. The Court approves and incorporates herein by reference the releases and waivers set forth in the Settlement Agreement, which shall be binding in accordance with the terms set forth therein.

3. This Court has jurisdiction over the subject matter of this Litigation and all matters relating thereto, and over all Parties.

4. The Court hereby adopts and conditionally approves, for the purpose of this Order, the definition of the settlement "Class" as that term is defined in the Settlement Agreement and below:

> Named Plaintiffs, Opt-In Plaintiffs who have filed consent-to-sue forms in this Lawsuit, and all non-exempt individuals employed by Defendants in New York state, including but not limited to, current and former housing specialists, social workers, case managers, case workers, counselors, CASAC counselors and direct care staff from June 8, 2016 and December 23, 2025, exclusive of the 12 Opt-in Plaintiffs who failed to appear for

their depositions and who were dismissed from the action based on that default.

5.  Pursuant to Rule 23, the Court finds (exclusively for the present purposes of evaluating the Settlement) that Plaintiffs meet all the requirements for class certification and confirms as final its certification of the Class for settlement purposes.

6.  Pursuant to 29 § U.S.C. 216(b) and factors set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), the Court finds that the members of the Class are similarly situated, approves the FLSA Settlement, and certifies the collective class.

7.  The Court confirms as final the appointment of Plaintiffs Giitou Neor and Tyrone Wallace, as representatives of the Class, both under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

8.  The Court likewise confirms as final the appointment of C.K. Lee of Lee Litigation Group PLLC as Class Counsel for the Class pursuant to Federal Rule of Civil Procedure 23 and for individuals who opted into the Litigation pursuant to 29 U.S.C. § 216(b).

9.  The Court finds that the Proposed Class Notice and Collective Notice given to Class Members constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

10. Pursuant to Rule 23(e), this Court hereby grants the Motion for Conditional Final Approval and conditionally approves the settlement as set forth therein.  The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Settlement Agreement.  The Court specifically finds that the settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and

duration of further litigation.

11. The Court finds that the proposed settlement is procedurally fair. *See* Fed. R. Civ. P. 23(e)(2)(A)–(B). The Class Representatives and Class Counsel have adequately represented the class. The Class Representatives' interests are aligned with the interests of the Class, and the Class Counsel is experienced in wage and hour law. Doc. 257 at 15, 28. Moreover, the settlement was the result of arm's length negotiation. *Id.* at 24–26.

12. The Court finds the relief provided to the Class is adequate given: (1) the costs, risks, and delay of trial and appeal; (2) the effectiveness of the proposed method of distributing relief to the Class; (3) the terms of the proposed award of attorney's fees; and (4) the terms of the Settlement Agreement. *See* Fed. R. Civ. P. 23(e)(2)(C). All of the factors set forth in *Grinnell* also weigh in favor of conditional final approval. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).

13. The Court finds the proposal treats class member equitably relative to each other, considering the proposed service awards and the proposed method of distribution. *See Moses v. New York Times Co.*, 79 F.4th 235, 245 (2d Cir. 2023).

14. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Settlement Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Settlement Agreement.

15. The Court hereby grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel their requested fees of $1,500,000, one-third of the Settlement Fund, plus costs and

expenses in the amount of $17,537.35, which the Court finds to be fair and reasonable based on: (1) the number of hours worked by Class Counsel during the Litigation; (2) the results achieved on behalf of the Class; (3) the contingent nature of Class Counsel's representation; (4) the complexity of the issues raised by the Litigation; (5) a lodestar cross check; and (6) Class Counsel's recognized experience and expertise in the market. The Court finds Class Counsel's hourly rates to be reasonable. This amount shall be paid from the Settlement Fund, subject to the terms of the Parties' Settlement Agreement.

16. The Court approves and finds reasonable the service award of $10,000 to Plaintiff Giitou Neor and Plaintiff Tyrone Wallace respectively, in recognition of the services they rendered as Class Representatives. This amount shall be paid from the Settlement Fund, subject to the terms of the Parties' Settlement Agreement.

17. The Court approves and finds reasonable the deposition awards of $5,000 to each of the 19 Opt-in Plaintiffs who were deposed (Melysa Exolas, Clarice Robinson, Tearah Chestnut, Josephine Rivera, Cayon Dennis, Jennifer Stubbs, Moises Figueroa, Porschea Clarke, Vanessa Goersmeyer, Yaw Brobbey, Akeem Ford, Melissa Fonseca, Chawanda Osbourne, Jaymie Butler, Dayana Jean-Gilles, Donna Gittens, Karen Brehm-Callaci, Unice Williams and Shantel Delaney), in recognition of their time and efforts.

18. The 12 Opt-In Plaintiffs who failed to appear for their depositions and who were dismissed from this Action based on that default (Angelina Lopez, Alesa Bonner, Kayla Bernal, Muhammed Baaith, Nafiya James, Richard T. Carberry, Erin McGilvray, Marva Carberry, Jeffrey Arroyo, Gary Whyte, Vivica Henry and Johnny Cruz) are excluded from the Class and Collective and not entitled to any settlement payment under the Settlement Agreement.

19. The Court approves and finds reasonable the payment of the Settlement Administrator's fees to Arden Claims Service, LLC in the amount of $150,000, which shall be paid by or on behalf of Defendants, out of the Settlement Fund, according to the terms of the Parties' Settlement Agreement.

20. The Parties entered into the settlement solely for the purpose of compromising and settling disputed claims.  Neither this Order, the Settlement Agreement, nor any other document or information relating to the settlement of this Litigation shall constitute, be construed to be, or be admissible in any proceeding as evidence (1) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under Rule 23 of the Federal Rules of Civil Procedure or a comparable state law or rules, (2) that any party has prevailed in this case, or (3) that the Defendants or others have engaged in any wrongdoing.

21. A final hearing will only be held if there are valid and timely objections.

22. This Action is hereby dismissed with prejudice.  The Clerk of Court is respectfully directed to terminate relevant motions, Docs. 256, 259, 261.  However, the Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds.  The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

SO ORDERED.

Dated:    May 14, 2026
          New York, New York

_____
Edgardo Ramos, U.S.D.J.